The Honorable Allen Maxwell State Representative 188 Southern Oaks Monticello, AR 71655
Dear Representative Maxwell:
I am writing in response to your request for my opinion concerning a one cent sales tax that is currently levied by the City of Monticello. You identify the issue as follows:
 The issue is the city desires to extend the existing 1% sales tax, due to expire in 2008, another 10 years prior to the 2008 expiration. This will allow the city to issue bonds against the future revenue.
You seek my opinion "regarding the legality of renewing the 1% tax prior to expiration of the existing tax deadline."
As further background for your request, you have provided a copy of a memorandum that was directed by the City Attorney to the Mayor on this issue, wherein the City Attorney advised that "[n]o specific statute addresses the renewal of an existing tax." Memorandum from David Hoffman to David Anderson (November 30, 2004). The City Attorney explained that the process instead involves the enactment of a new tax and includes "time factors . . . which will require the process to be held prior to the November election to be effective January 1, 2008." Id.
RESPONSE
In my opinion, the City cannot "extend" the existing sales tax as contemplated by your question, so as to facilitate the issuance of bonds against future revenue, because there is no specific procedure under state law for renewing or extending a sales tax. Instead, as the City Attorney has correctly observed, when one speaks of "renewing" a sales tax, the process must entail "the enactment of a new sales tax to become effective upon the expiration of the current tax." Memorandum, supra (emphasis added). As the City Attorney also explained, this requires bearing in mind the relevant statutory timetable with respect to the sales tax's effective date. Two taxes will otherwise result, as also pointed out by the City Attorney, because although there is nothing to prevent a vote on the new tax before the existing tax expires, the new tax will go into effect according to the established timetable and without regard to the existing tax.[1]
These conclusions follow primarily from the fact that the City's authority over the imposition of sales taxes falls within the category of powers that require state delegation. See A.C.A. §§14-43-606(a) (Repl. 1998) ("[n]o municipality shall levy any sales . . ., use, payroll, or income tax other than those authorized by law") and 26-73-103(g) (Repl. 1997) ("[u]ntil otherwise authorized by the General Assembly, cities and counties shall have no authority to levy any new sales or use taxes after April 1, 1977.") When seeking to "renew" the existing 1% sales tax, therefore, the City in my opinion must follow the specific enactment procedures under state law for levying a city sales tax. This is because, as noted above, there is no actual procedure for renewing or extending a sales tax. But see A.C.A. § 14-164-329 (Supp. 2005) (regarding replacement of an existing tax, as noted in n. 1, supra.) State law does provide for resubmitting the question of the levy of a city sales and use tax by petition of electors no earlier than six months from the date the proposition was last voted on. A.C.A. § 26-75-213 (Supp. 2005). But this clearly is distinct from the action contemplated by the City in this instance.
It seems that the relevant procedures for enacting a sales tax in this case are those set forth in A.C.A. §§ 26-75-208 (Supp. 2005) and -209 (Repl. 1997 and Supp. 2005) or 26-75-308(Supp. 2005) and -309.[2] These subsections address the calling of a special election on the sales tax question and the effective date of the tax. The only specifically prescribed timetable with respect to the election is that it must be held within one hundred twenty (120) days from the date on which the City called for the election. A.C.A. §§ 26-75-208(a)(2)(A) and -308 (a)(2)(A). (The call for the election must be made by ordinance, either as part of the ordinance levying the tax or within thirty (30) days following adoption of that ordinance. Id. at (a)(1)). Most significant for purposes of your question is the timetable under A.C.A. §§ 26-75-209 and -309 with respect to the tax's effective date. I believe it will be helpful to set forth the relevant language in full, both in its current form and as amended effective July 1, 2007. The language is the same under both statutes, and currently provides as follows:
 In order to provide time for the preparations for election set forth in this subchapter and to provide for the accomplishment of the administrative duties of the director, the following effective dates are applicable with reference to any such ordinance levying such tax:
 (1)(A) The ordinance levying the tax shall not be effective until after the election has been held.
 (B) Following the election, the mayor of the city shall issue his proclamation of the results of the election with reference to the local sales and use tax, and the proclamation shall be published one (1) time in a newspaper having general circulation in the city.
 (C) Any person desiring to challenge the results of the election as published in the proclamation shall file such challenge in the circuit court of the county in which the city is located within thirty (30) days of the date of publication of the proclamation.
 (D) If no election challenge is filed within this period, the ordinance shall become effective on the first day of the first month of the calendar quarter subsequent to the expiration of the full thirty-day period of challenge; and
 (2)(A) In the event of an election contest, the tax shall be collected as prescribed in subdivision (1) of this section unless enjoined by court order.
 (B) Hearings of such matters of litigation shall be advanced on the dockets of the courts and disposed of at the earliest feasible time.
A.C.A. §§ 26-75-209 and -309 (Repl. 1997) (emphasis added).
The above version is effective until July 1, 2007, at which time the statutes will provide as follows:
 In order to provide time for the preparations for election set forth in this subchapter and to provide for the accomplishment of the administrative duties of the Director of the Department of Finance and Administration, the following effective dates are applicable with reference to any such ordinance levying such tax:
 (1)(A) The ordinance levying the tax shall not be effective until after the election has been held.
 (B) Following the election, the mayor of the city shall issue his or her proclamation of the results of the election with reference to the local sales and use tax, and the proclamation shall be published one (1) time in a newspaper having general circulation in the city.
 (C) Any person desiring to challenge the results of the election as published in the proclamation shall file the challenge in the circuit court of the county in which the city is located within thirty (30) days of the date of publication of the proclamation.
 (D)(i) The mayor of the city shall notify the director of the rate change after publication of the proclamation has occurred and ninety (90) days before the effective date of the tax.
 (ii) If no election challenge is filed within the thirty-day challenge period, the ordinance shall become effective on the first day of the first month of the calendar quarter after a minimum of sixty (60) days' notice by the director to sellers and after the expiration of the full thirty-day period of challenge.
 (E) The rate change shall become applicable on the first day of a quarter after one hundred twenty (120) days' notice by the director to sellers on a purchase from a printed catalog in which the purchaser computed the tax based upon local tax rates published in the catalog; and
 (2)(A) In the event of an election contest, the tax shall be collected as prescribed in subdivision (1) of this section unless enjoined by a court order.
 (B) A hearing of these matters of litigation shall be advanced on the docket of the court and disposed of at the earliest feasible time.
A.C.A. §§ 26-75-209 and -309 (Supp. 2005) (emphasis added).[3]
The statutory language emphasized above establishes the time tables that will govern in the event the City decides to call a special election under either subchapter 2 or subchapter 3 to levy a new sales tax with an effective date after the expiration of the current tax. In my opinion, the City Attorney properly advised the City in this regard when he stated:
 Because there is a specific timetable as described above which specifically gives a date to begin a levy and because there is no specific authority to do otherwise, the conclusion must be that we cannot hold the election earlier than this timetable will permit or the result will be that two taxes will be collected simultaneously.
Memorandum, supra (emphasis original).
The scheduling of this process is a matter for the City to decide, with the aid of its local counsel.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure
[1] I should note that this opinion assumes that the City intends to proceed under either A.C.A. § 26-75-201 et seq.
(referred to hereinafter as "subchapter 2") or A.C.A. § 26-75-301et seq. ("subchapter 3") in enacting another one cent sales tax after the expiration of the existing tax. The City Attorney has analyzed the issue under these subchapters, and you have provided no information suggesting that a different subchapter of the Arkansas Code addressing the levy of municipal sales and use taxes might be implicated in the context of your question. You may nevertheless wish to review a recent opinion issued by this office, Op. Att'y Gen. 2006-056, that reviews the various statutory authorities under which sales taxes may be levied. I have enclosed the opinion for your convenience. Because the City Attorney's memorandum reflects a concern to avoid the levy of two taxes, I note in particular that A.C.A. § 14-164-329, which is part of the Local Government Bond Act of 1985, provides for a delayed effective date of a sales and use tax levied under that subchapter. See A.C.A. § 14-164-329(b)(3)(B) and (D) (Supp. 2005) (stating that "the effective date shall not be delayed for more than twelve (12) months, unless the tax replaces an existing tax[,]" in which case the effective date "will be the day following the date the existing tax expires.") Again, I have no information suggesting that this subchapter offers authority for the tax at issue; and I cannot determine the matter in any event, as this requires familiarity with all the surrounding circumstances. Such matters are properly referred to the City Attorney, other appointed legal counsel, or bond counsel.
[2] The City Attorney has identified both A.C.A. § 26-75-201et seq. and A.C.A. § 26-75-301 et seq. as the authority under which the current sales tax was imposed. Memorandum, supra. I mention this because I am somewhat uncertain as to the precise authority for the current levy. Nor is it entirely clear which of these two subchapters the City intends to utilize in levying the new tax. As one of my predecessors had occasion to observe, the General Assembly in 1992 stated that A.C.A. § 26-75-201 et seq.
and A.C.A. § 26-75-301 et seq. "each provide for the levy of up to a one percent (1%) sales and use tax. . . ." Op. Att'y Gen.1996-004 (emphasis original) (quoting A.C.A. § 14-164-338(d) (Supp. 2005), which is the codification of a part of Act 36 of 1992 (1st Ex. Sess.)). See also Ops. Att'y Gen. Nos.1996-093, 1994-058 and 1993-078. My predecessor also observed that notwithstanding this legislative history and this office's interpretation that a sales and use tax cannot have been enacted under both of these subchapters, it is likely that some county ordinances recite that the taxes imposed thereby are enacted under both subchapters. See again Op. 1996-004. The same presumably can be said with respect to city ordinances. I surmise that this may be the case with respect to the sales tax currently levied by the City of Monticello, to which the City Attorney refers in his memorandum. Consequently, the precise subchapter under which the current tax was enacted may be somewhat uncertain.
[3] The amendments were enacted under Act 1273 of 2003, in anticipation of an agreement among states imposing a state sales tax, called the Streamline Sales Tax Agreement," and to allow the Department of Finance and Administration and local businesses additional time to prepare for necessary changes. See Acts 2003, No. 1273, §§ 53, 54, 60 and 61; and Acts 2005, No. 2008, § 1.